## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. FOWLER COMPANY, an Organ corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>PATTERSON MOTOR FREIGHT, INC. dba PATTERSON MOTOR FREIGHT dba PATTERSON MOTORFREIGHT INCORPORATED dba PATTERSON NOBLES MOTORFREIGHT, a California corporation, PATTERSON HOLDINGS, LLC, a California limited liability company; and EDWARD G. PATTERSON, an individual,<br><br>    Defendants. | CV F 06-0869 AWI SMS<br><br>**ORDER VACATING SEPTEMBER 25, 2006 HEARING DATE**<br><br>**ORDER DENYING MOTION TO STRIKE AS MOOT**<br><br>(Documents #12, #13 & #15) |

## BACKGROUND

On August 14, 2006, Defendants filed a motion to strike portions of the complaint. On August 18, 2006, Defendants filed an amended motion to strike. The motion to strike was set for oral argument to be heard on September 25, 2006.

On August 28, 2006, Plaintiff filed an amended complaint. On August 28, 2006, Plaintiff filed an opposition to the motion to strike. Plaintiff points out that the complaint has been amended.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure allows a motion to strike any time before responding to a pleading. Rule 15(a) of the Federal Rules of Civil Procedure provides

that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend only by leave of court. . . ."  A motion to strike is not a "responsive pleading" that would terminate a plaintiff's right to amend the complaint.  Cf Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) (motion to dismiss); Schreiber Distrib. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) (motion to dismiss).   Because Defendants did not file a responsive pleading, but only a motion to strike, Plaintiff did not need leave of court to file an amended complaint. See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995); Doe, 58 F.3d at 497.   Once filed, the amended complaint superseded the original complaint in its entirety, and the court will proceed with the amended complaint. See London v. Coopers & Lybrand, 644 F.2d 811 (9th Cir.1981); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Defendants' motion addressing the original complaint became moot once the amended complaint was filed.   To avoid any unnecessary work by the parties and the court, the court will deny the motion directed at the original complaint as moot at this time, and allow Defendants the opportunity to file another motion or any other response to the amended complaint authorized by the Federal Rules of Civil Procedure.

**ORDER**

Accordingly, the court orders that:

1. The previously set hearing date of September 25, 2006, is VACATED, and the parties shall not appear at that time;
2. Defendants' motion to strike is DENIED as moot;
3. Defendants SHALL FILE an answer or other response to the amended complaint within thirty days.

IT IS SO ORDERED.

**Dated:   September 18, 2006**           /s/ Anthony W. Ishii
9h0d30                                    UNITED STATES DISTRICT JUDGE